Turley, J.
delivered the opinion of the court.
The facts of this case are as follows: S. Broughton was the sheriff of Stewart county; on the 12th day of April, 1844, an execution from the Chancery Court at Clarksville, in favor of Allen, Carter and others, against Wm. B. Cherry, came to his hands, which was returnable to the September term, 1844, of said court. On the 6th day of August, 1844, this execution was returned with an endorsement, that the defendant in the execution had no personal property in the county upon which to levy the execution, and that it had been levied upon a tract of land, which not selling for a sufficient amount to satisfy the execution, the plaintiffs, Allen, Carter and others, on the 12th day of February, 1844, directed a notice to the sheriff, Broughton, informing him that at the March term, 1845, on the first day thereof, they would move for judgment against him and his securities for having made an insufficient return on said execution. This notice was served on the defendant, Broughton, 26th February, 1845.
On the 17th of March, 1845, Broughton filed his affidavit in the Chancery Court at Clarksville, in the words following, viz: “Samuel Broughton, sheriff of Stewart county, makes oath that before the September term .of this court, 1844, an execution came to his hands, in the name of Allen, Carter and others, vs. W. B. Cherry; that in making his return upon said execution, he stated that Cherry-had no personal property in his county, and that he had levied the fi. fa. upon a tract of land, describing it by metes and bounds, which tract was sold by him; he further states that by mistake and inadvertence, he neglected to state in his return, that there was no other property, real or personal, belonging to said Cherry in Stewart he now that he be allowed to *98 amend bis return, so as to state the above facts, and states that said Cherry had, at the time, no other property, nor has he now.” This affidavit was filed, and the application thereon to amend the return, was made before any proceedings in court were had against him, but after, the service of the notice.
The court refused to grant the amendment, and afterwards, to wit, on the same day, permitted a motion for judgment against the defendant for such insufficient return to be entered against him, and gave judgment thereon for the unsatisfied balance of the execution against him and his securities; to reverse which this writ of error is prosecuted. While we have on the one hand no desire to protect sherifis in a careless and negligent performance of their duties, or to furnish them with facilities to escape the consequences of such conduct, yet, on the other, it is with regret that we hold them liable when their conduct has been fair and honest, and by mere oversight and inadvertence they have involved themselves in a difficulty; and therefore think that all proper facilities, for the amendment of mere erroneous returns, should be allowed, so as to permit the returns to speak the truth of the case. We know that there is a temptation to make false amendments in order to escape the penalties of insufficient returns; but the law recognizes the right to amend, and the court must enforce it, with such instructions as will best guard it from abuse.
We have said, an amendment of a return shall not be allowed after a motion made against the sheriff, because we thought the temptation too strong to make a false amendment. But this is as far as we can go in prohibiting amendments, unless we would deprive the officer of all right to amend. The principle thus adopted is that lis pendens stops the right to amend; but we think there was no lis pendens in this case, when the motion was made to amend. The notice given, is not a judicial "process, which is considered as the commencement of a suit, but a mere private individual act. The motion for judgment, which, in this case, would be the commencement of the action, had not been entered before the motion to amend had been made; the affidavit upon *99 which the motion was based, was sufficient to have warranted the amendment; and we think the chancellor erred in refusing to permit it. Judgment reversed.